829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DANA CORPORATION, Plaintiff/Appellee,
v.
AMERICAN PRECISION COMPANY, (DIVISION OF AVNET, INC.);
Century Clutch and Brake Supply, Inc.; Century
Parts, Inc. and Illinois Auto Truck Co.,
Inc., Defendants-Appellees.
and
Automotive Parts Rebuilders Association, Appellant.
 Appeal No. 87-1096.
 United States Court of Appeals, Federal Circuit.
 Aug. 28, 1987.
 
 N.D.Ill., 618 F.Supp. 288
 AFFIRMED.
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The order of the United States District Court for the Northern District of Illinois, denying Automotive Parts Rebuilders Association's (APRA) motion to intervene in Dana Corp. v. American Precision Co., 618 F.Supp. 288 (N.D.Ill.1985), is affirmed.
 
 OPINION
 
 2
 APRA has failed to demonstrate that the district court abused its discretion in denying its motion to intervene. No plausible basis for intervening as a matter of right under Fed.R.Civ.P. 24(a) has been shown. If APRA has any interest in the main action, it has not established that any such interest is not being adequately represented by existing parties.
 
 
 3
 Nor has a plausible basis for permissively intervening under Fed.R.Civ.P. 24(b) been shown. The record does not indicate that Dana has ever charged APRA with infringing any of the patents involved, and APRA has shown no claim or defense which could be common in law or fact with one in the main action.
 
 
 4
 We deny Dana's request that we impose sanctions under Fed.R.App.P. 38 on APRA for filing this appeal.*
 
 
 
 *
 We reject Dana's contention that our affirmance, concurrently herewith, of the district court's judgment in Appeal No. 87-1095 would render the present appeal moot. There exists the possibility of Supreme Court review of our decision in that case